No. 25,105.

MAGGIE B. MIZE, *Appellant,* v. H. H. HUGGINS et al., *Appellees.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Real Property—Provisions for Application of Payments of Interest Construed.* On a contract which provides for the payment of $2,000 with interest thereon at seven per cent per annum computed semiannually, payment to be made by paying twenty dollars monthly, interest shall be computed for each six months period and the payments made shall then be applied to the interest and the reduction of the principal.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed March 8, 1924. Modified.

*James A. Troutman,* of Topeka, for the appellant.

*W. L. Huggins,* and *William A. Smith,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment against her, rendered on a contract for the sale of real property, the material parts of which read:

"This agreement, made this 17th day of July, in the year 1911, between H. H. Huggins and his wife Jessie M. Huggins, of Shawnee county, State of Kansas, party of the first part, and J. R. Switzer and Maggie Switzer husband and wife of Shawnee County, State of Kansas, of the second part,

"WITNESSETH, That in consideration of the stipulations herein contained, and the payments to be made as hereinafter specified, the first party hereby

Mize v. Huggins.

agrees to sell unto the second party the following described real estate, situated in the County of Shawnee and State of Kansas: Lots numbered Six Hundred Seventy-three (673), Six Hundred Seventy-five (675), and Six Hundred Seventy-seven (677), in Block (13) Thirteen on Fillmore Street, in Martin & Dennis Sub-Division to the city of Topeka, Kansas, according to the recorded plat thereof, for the sum of Twenty-one Hundred Dollars, with interest at the rate of seven per cent. per annum computed semi-annually. Payment has been made and received of One Hundred Dollars, and the remaining principal, with the accruing interest, shall be paid at the office of the first party, in Topeka, Kansas, in monthly payments, at the times and in the manner following, that is to say: $20 twenty dollars due and payable on August 17th and a like amount payable on the 17th of each succeeding month until the principal sum and interest is paid."

The plaintiff became the successor in interest to J. R. Switzer and Maggie Switzer. The controversy turns on the construction of that part of the contract which provides for the calculation of interest; no question of usury or of unlawful interest is involved. In a written memorandum, the trial court said:

"The contract fixes the purchase price at $2,100.00, with interest at the rate of 7 per cent per annum 'computed semi-annually' (interlined). Then comes the provision 'payment has been made and received of One Hundred Dollars, and the remaining principal, with accruing interest, shall be paid at the office of the first party in Topeka, Kansas, in monthly payments, at the times and in the manner following, that is to say: $20 Twenty Dollars due and payable on August 17th and a like amount payable on the 17th of each succeeding month until the principal sum and interest is paid.' These provisions are difficult to reconcile but all ought to be given effect as far as may be done reasonably. The first provision as to interest is that it is to be 'computed semiannually.' This the court feels bound to construe as meaning 'computed and paid semiannually,' because otherwise the words have no significance. A mere computation would mean nothing. The word 'compute' is defined 'to determine by calculation; to reckon, or count; to take account of.' The words 'computed semiannually,' because interlined, should be emphasized more than the following phrase 'the remaining principal, with accruing interest, shall be paid . . . in monthly payments.' It is true the typewritten clause following, providing that $20 shall be due and payable each month until the principal sum and interest is paid, is somewhat inconsistent with the idea that the interest is to be paid semiannually. It is of course difficult to see how the interest could be figured and paid each month if it was not to be computed until the end of six months. If the latter clause mentioned be construed as meaning that the $20.00 is to be paid on the principal and that the printed clause, 'with accruing interest,' is used parenthetically and refers back to the interlineation, 'computed semiannually,' then all the words of the contract may be given effect. If the view be taken that only $20.00 per month is to be paid for both principal and interest, the words interlined would have to be ignored.

"My judgment is that the contract should be construed as meaning that the purchasers were to pay $20.00 on the principal on the 17th of each month, then at the end of six months the interest due up to that time should be computed and paid, and if not paid such interest or any unpaid portion of the same should draw interest from the time due at 6 per cent per annum until paid. This is not compound interest but simply complies with the statutory rule allowing interest on the debt from the date it becomes due. As to the payments made at the end of each six months or any time thereafter, the rule requiring payments first to be applied to interest should be observed until all past due interest is taken care of. Such application of the rule will work out in this way: Suppose the purchaser paid $20.00 each month beginning August 17th up to and including January 17, 1912; then on the latter date the interest for six months on the unpaid principal should be paid, that is 7 per cent on $2,000.00 for one month, then on $1,980 for one month, on $1,960 for the next month and so on for the whole six months period. If the purchasers failed at any time to pay sufficient to cover both principal and interest, subsequent payments would be first applied to the payment of past due interest, then to the principal."

We cannot agree with the trial court in his conclusions. The contract names the rate of interest, seven per cent, and prescribes when interest shall be computed; that is, semiannually. Payments, however, shall be made monthly. How can these things be done? First, payments of twenty dollars a month shall be made. Second, when six months have passed, interest on the principal shall be calculated. Third, the interest shall be added to the principal. Fourth, the total amount paid during the six months shall then be deducted from the principal and interest added together. Fifth, the remainder shall then become the new principal on which interest shall be calculated for the next six months. Sixth, if the payments for any six months are not sufficient to pay the interest for that six months, the payments shall be carried to the next or some succeeding interest calculating time when the payments will equal or exceed the interest calculated on the principal to that time and the total amount of payments shall then be deducted from the principal and interest to that time added together. This will cause the plaintiff to lose interest on the payments made by her during each six months; that is, she will lose interest on twenty dollars for five months, on twenty dollars for four months, on twenty dollars for three months, on twenty dollars for two months, and on twenty dollars for one month, a total of $1.75 interest for each six months. That may seem unjust, but it is provided for by the contract, in which there is nothing illegal nor anything against public policy.

The judgment is modified, and the trial court is directed to render judgment in accordance with the views herein expressed.

HARVEY, J. (dissenting): In my judgment the trial court's computation is correct. By the terms of the contract, the twenty-dollar monthly payments were to be made upon the principal and the interest. There was no interest due until the end of six months. Hence, the payments made before that time should, as made, apply upon the principal; there was no other place to apply them. As I read it, there is nothing in this contract to justify the conclusion that the person making the payments was to have no credit for payments made until some interest was due.

HOPKINS, J., concurs with HARVEY, J.